UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHERRY WEST                                    CIVIL ACTION NO. 20-cv-1064

VERSUS                                         CHIEF JUDGE HICKS

NORTH RIVER INSURANCE CO., ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Sherry West filed this civil action in state court for damages arising out of an automobile accident. Defendants North River Insurance Co., Big Boy Ranch, LLC, and Terry Williams removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000. Before the court can make an initial finding of subject matter jurisdiction, the removing defendants will need to amend their notice of removal to provide more information about the citizenship of Big Boy Ranch and the amount in controversy.

**Citizenship of Big Boy Ranch, LLC**

The notice of removal states that Big Boy Ranch, LLC is "a Texas corporation with its principal place of business in Texas." However, the "LLC" in the entity's name suggests that it is a limited liability company rather than a corporation. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d

1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). The removing defendants must file an amended notice of removal that alleges the citizenship of Big Boy Ranch, LLC in accordance with these rules.

**Amount in Controversy**

The state court petition alleged that the Plaintiff was injured, but Plaintiff did not allege any particular facts about the nature of her injuries or related treatment. Plaintiff listed categories of damages such as "significant" medical expenses, "substantial" pain and suffering, metal anguish, loss of enjoyment of life, and lost wages. She also alleged that her cause of action exceeds $50,000. The removing defendants cite the allegations in the petition and contend the allegations show that the amount in controversy exceeds $75,000.

This court has noted that virtually every personal injury petition filed in state and city courts alleges, severe, disabling, or permanent injuries, even when only mild soft tissue injuries are at stake. The same is true with respect to the standard categories of damages sought, e.g., past and future medical expenses, loss of earnings, etc. Nordman v. Kansas City Southern, 2009 WL 976493 (W.D. La. 2009); Wright Family Investments, LLC v.

Jordan Carriers, Inc., 2012 WL 2457664 (W.D. La. 2012). A personal injury suit does not become a federal case just because the plaintiff's attorney describes a wholly unspecified injury as severe/permanent/disabling or the petition includes a boilerplate list of damage categories. Carr v. Mayclin, 2018 WL 4839236, *2 (W.D. La. 2018). If those commonplace allegations were sufficient, almost every petition between diverse parties would be removable. Id.

Defendants will need to include in their amended notice of removal allegations that show that the amount in controversy requirement is met in this case. Relevant facts may include the cost of any medical treatment, the nature and extent of Plaintiff's injuries, any pre-suit settlement demands, and the like.

**Deadline**

The removing defendants will be allowed until **September 9, 2020** to file an amended notice of removal and attempt to set forth sufficient facts to show that there is complete diversity of citizenship and that the amount in controversy requirement is met. If the removing Defendants meet their burden, the case will proceed toward a scheduling conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of August, 2020.



Mark L. Hornsby
U.S. Magistrate Judge